UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.

CAUSE NO. 3:19-CV-734-DRL-MGG

MATTHEW HASSEL, *et al.*,

Defendants.

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Nevertheless, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). In the amended complaint, Mr. Cottrell asserts claims based on the following incidents:

- On August 29, 2019, Officer McGuigan, Officer Howard, and Officer Trudy deprived him of running water in his cell.

- In August 2019, Officer McGuigan, Officer Howard, and Officer Crawford forced him to eat on the floor or on the toilet.

- In August and September 2019, Bo Holcomb and Officer McGuigan deprived him of access to the law library.

- Since July 15, 2019, Bo Holcomb has deprived him of recreational opportunities.

- In August and September 2019, Officer McGuigan, Officer Howard, and Officer Crawford denied him access to the grievance process.

- Since his arrival at the Marshall County Jail, Sheriff Hassel and Bo Holcomb have placed him in overcrowded cells.

These incidents, as described in the complaint, do not comprise a single transaction or occurrence, nor do they comprise a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). Though these incidents may have occurred at the same jail, they involve different members of correctional staff committing several types of alleged misconduct at various times throughout the course of a year. Therefore, Mr. Cottrell's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a *pro se* plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS David William Boone Cottrell until January 6, 2020 to file an amended complaint; and

(2) CAUTIONS David William Boone Cottrell that, if he does not respond by that deadline, this cause may be dismissed without further notice.

SO ORDERED.

December 4, 2019                                                  *s/ Damon R. Leichty*
                                                                   Judge, United States District Court