UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.

CAUSE NO. 3:19-CV-734-DRL-MGG

MATTHEW HASSEL *et al.*,

Defendants.

OPINION & ORDER

David William Boone Cottrell, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Cottrell alleges that, on August 29, 2019, Officer Trudy, Officer McGuigan, and Officer Howard deprived him of running water in his cell as punishment and forced him to eat in his cell on the floor or on the toilet. On August 30, 2019, Officer McGuigan, Officer Howard, Officer Trudy, and Officer Crawford, again forced him to eat in his cell on the floor or on the toilet. For his claims, Mr. Cottrell seeks money damages.

Because Mr. Cottrell is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*,

850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The facts may well establish that these actions were not unconstitutional; but, giving Mr. Cottrell the inferences to which he is entitled at this stage of the proceedings, the amended complaint states plausible Fourteenth Amendment claims against Officer McGuigan, Officer Howard, Officer Trudy, and Officer Crawford.

Mr. Cottrell also names Sheriff Hassel, the Head Jailer, and Marshall County as defendants. For constitutional claims under 28 U.S.C. § 1983, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Further, to pursue a claim under Section 1983 against a local governmental entity, a plaintiff must show that his injury was the result of that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). In the amended complaint, Mr. Cottrell does not describe how Sheriff Hassel or the Head Jailer were personally involved, and he does not identify a policy or practice implemented by Marshall County that resulted in the violation of his constitutional rights. Therefore, he may not proceed against these defendants.

For these reasons, the court:

(1) GRANTS David William Boone Cottrell leave to proceed on a Fourteenth Amendment claim against Officer McGuigan, Officer Howard, Officer Trudy, and Officer Crawford for money

damages for allegedly depriving him of running water and forcing him to eat on the toilet or floor on August 29, 2019 and August 30, 2019;

(2) DISMISSES Sheriff Hassel, Head Jailer, and Marshall County;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer McGuigan, Officer Howard, Officer Trudy, and Officer Crawford at the Marshall County Jail with a copy of this order and the amended complaint (ECF 9) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer McGuigan, Officer Howard, Officer Trudy, and Officer Crawford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which David William Boone Cottrell has been granted leave to proceed in this screening order.

SO ORDERED.

March 11, 2020

*s/ Damon R. Leichty*
Judge, United States District Court